# United States Bankruptcy Court
## Eastern District of Pennsylvania

| | |
|---|---|
| In re:<br><br>Nancy Virginia Focaccia,<br><br>　　　　Debtor. | Case No. 23-12964-mdc<br><br>Chapter 7 |
| Nancy Virginia Focaccia,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JPMorgan Chase Bank, N.A.,<br><br>　　　　Defendant. | Adversary No.<br><br>**JURY TRIAL DEMANDED** |

## Complaint

Plaintiff Nancy Virginia Focaccia, by and through her undersigned counsel, alleges the following:

### Jurisdiction and Venue

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

3. The Plaintiff has standing to bring this action pursuant to 11 U.S.C. §§ 542(a), 362, 727 and Fed. R. Bankr. P. 7001.

4. Venue is proper pursuant to 28 U.S.C. § 1409(a).

5. The Plaintiff consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with U.S. Const. art. III.

### Parties

6. Plaintiff Nancy Virginia Focaccia is an individual who is and was at all relevant times a resident of the state of Pennsylvania.

7. Defendant JPMorgan Chase Bank, N.A. is a corporation that is and was at all relevant times incorporated in the state of Delaware.

## Facts

8. On September 29, 2023, the Plaintiff filed a voluntary petition for relief under chapter 7 of Title 11, United States Code, thereby initiating bankruptcy case number 23-12964 in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania.

9. The Defendant is an unsecured creditor listed on the Plaintiff's bankruptcy schedules and was properly listed on the creditor mailing matrix.

10. Upon filing of the bankruptcy petition, an Automatic Stay became effective pursuant to 11 U.S.C. §362(a), which operated as a stay of any collection efforts by creditors against the Plaintiff until discharge.

11. On October 7, 2023, the Bankruptcy Noticing Center served notice of the Plaintiff's bankruptcy case on the Defendant by transmitting a copy of the meeting of creditors notice by electronic means, which the Defendant received on the same date.

12. Upon information and belief, the Defendant utilizes a computer system that matches its customer list with public bankruptcy court records and was notified through that system about the Plaintiff's bankruptcy on or about September 29, 2023.

13. In blatant violation of the automatic stay, the Defendant knowingly initiated collection activity against the Plaintiff by placing phone calls to the Plaintiff several times on or before December 6, 2023, and then on the following dates:

| Date | Number of Calls |
| --- | --- |
| On or about December 7, 2023 | 1 |
| On or about December 8, 2023 | 2 |
| On or about December 11, 2023 | 1 |
| On or about December 12, 2023 | 1 |
| On or about December 13, 2023 | 1 |
| On or about December 14, 2023 | 2 |
| On or about December 15, 2023 | 3 |
| TOTAL | 11 calls |

14. In blatant violation of the automatic stay, the Defendant knowingly initiated collection activity against the Plaintiff by mailing statements to the Plaintiff as follows:

| Statement Date | Payment Demanded |
|---|---|
| On or about December 8, 2023 | $2,332.00 |
| On or about January 8, 2024 | $2,857.00 |
| On or about February 8, 2024 | $3,593.00 |
| On or about March 8, 2024 | $4,216.00 |

15. On January 11, 2024, the Plaintiff was granted a discharge of the Defendant's debt and all other dischargeable debts under 11 U.S.C. § 727, constituting a Discharge Injunction prohibiting creditors from taking any action designed to collect a discharged debt.

16. On January 14, 2024, the Bankruptcy Noticing Center served notice of the Plaintiff's discharge on the Defendant by transmitting a copy of the discharge order by electronic means, which the Defendant received on the same date.

17. Upon information and belief, the Defendant utilizes a computer system that matches its customer list with public bankruptcy court records and was notified through that system about the Plaintiff's discharge on or about January 11, 2024.

18. In blatant violation of the discharge order, the Defendant knowingly initiated collection activity against the Plaintiff by placing phone calls to the Plaintiff on or about the following dates:

| Date | Number of Calls |
|---|---|
| On or about January 15, 2024 | 2 |
| On or about January 16, 2024 | 1 |
| On or about January 17, 2024 | 1 |
| On or about January 18, 2024 | 1 |
| On or about January 19, 2024 | 1 |
| On or about January 22, 2024 | 1 |
| On or about January 23, 2024 | 1 |
| On or about January 24, 2024 | 2 |
| On or about January 25, 2024 | 1 |
| On or about January 26, 2024 | 1 |
| On or about January 31, 2024 | 1 |

| Date | Number of Calls |
|---|---|
| On or about February 1, 2024 | 2 |
| On or about February 2, 2024 | 1 |
| On or about February 5, 2024 | 1 |
| On or about February 6, 2024 | 2 |
| On or about February 7, 2024 | 1 |
| On or about February 8, 2024 | 1 |
| On or about February 9, 2024 | 1 |
| On or about February 12, 2024 | 1 |
| On or about February 13, 2024 | 2 |
| On or about February 14, 2024 | 1 |
| On or about February 15, 2024 | 1 |
| On or about February 16, 2024 | 1 |
| On or about February 20, 2024 | 2 |
| On or about February 21, 2024 | 2 |
| On or about February 22, 2024 | 1 |
| On or about February 23, 2024 | 1 |
| On or about February 27, 2024 | 2 |
| On or about February 28, 2024 | 2 |
| On or about February 29, 2024 | 1 |
| On or about March 1, 2024 | 2 |
| On or about March 5, 2024 | 1 |
| On or about March 6, 2024 | 2 |
| On or about March 7, 2024 | 2 |
| On or about March 8, 2024 | 2 |
| On or about March 12, 2024 | 1 |
| On or about March 13, 2024 | 2 |
| On or about March 14, 2024 | 1 |
| On or about March 15, 2024 | 2 |
| On or about March 18, 2024 | 1 |
| On or about March 20, 2024 | 2 |
| **TOTAL** | 57 calls |

20. On the following dates, the Defendant furnished information to consumer reporting agencies indicating that the Plaintiff owed money to the Defendant:

| Date | Agency | Debt Reported |
| --- | --- | --- |
| On or about February 11, 2024 | TransUnion | About $22,533 |
| On or about February 11, 2024 | Equifax | About $22,533 |
| On or about March 11, 2024 | TransUnion | About $22,533 |
| On or about March 11, 2024 | Equifax | About $22,533 |

21. On February 5, 2024, the Plaintiff served her motion to reopen this bankruptcy case on the Defendant by first class mail, postage prepaid.

22. On March 7, 2024 the Bankruptcy Noticing Center served the Court's order reopening the bankruptcy case on the Defendant by transmitting a copy of order by electronic means, which the Defendant received on the same date.

23. The documents served on the Defendant on February 5, 2024, and March 7, 2024, constituted notice to the Defendant that the Plaintiff was represented by an attorney with respect to the debt alleged.

24. As a direct and proximate result of the Defendant's unlawful conduct, the Plaintiff has suffered great emotional distress, sleeplessness, and has been subjected to humiliation and embarrassment.

**Claims for Relief**

**Count 1**
**Violation of Automatic Stay**

25. The Plaintiff hereby re-alleges and incorporates all proceeding paragraphs as if fully set forth here.

26. As set forth above, Defendant repeatedly and intentionally violated the automatic stay provided under 11 U.S.C. §362(a) after being advised of the Plaintiff's bankruptcy.

27. Accordingly, the Plaintiff is entitled to recover damages under 11 U.S.C. § 362(k).

## Count 2
## Violation of Discharge Injunction

28. The Plaintiff hereby re-alleges and incorporates all proceeding paragraphs as if fully set forth here.

29. As set forth above, Defendant repeatedly and intentionally violated the Discharge Injunction under §727 after being advised of the Plaintiff's discharge.

30. Accordingly, the Plaintiff is entitled to recover damages under 11 U.S.C. §§ 105 and 524.

## Count 3
## Violation of Fair Credit Reporting Act

31. The Plaintiff hereby re-alleges and incorporates all proceeding paragraphs as if fully set forth here.

32. As set forth above, the Defendant violated 15 U.S.C. § 1681s–2(a)(1)(A) when it furnished information to consumer reporting agencies that the Defendant knew to be inaccurate or had reasonable cause to believe was inaccurate.

33. Accordingly, the Plaintiff is entitled to recover damages under 15 U.S.C. § 1681n(a)(1)(A).

## Count 4
## Violation of Fair Debt Collection Practices Act
## (false or misleading representations)

34. The Plaintiff hereby re-alleges and incorporates all proceeding paragraphs as if fully set forth here.

35. As set forth above, the Defendant violated 15 U.S.C. § 1692f when it communicated credit information to credit bureaus that the Defendant knew or should have known to be false.

36. Accordingly, the Plaintiff is entitled to recover damages under 15 U.S.C. § 1692k.

## Count 5
## Violation of Fair Debt Collection Practices Act
## (unfair practices)

37. The Plaintiff hereby re-alleges and incorporates all proceeding paragraphs as if fully set forth here.

38. As set forth above, the Defendant violated 15 U.S.C. § 1692f when it took action to collect amounts that were not expressly authorized by the agreement creating the debt or permitted by law.

39. Accordingly, the Plaintiff is entitled to recover damages under 15 U.S.C. § 1692k.

**Count 6**
**Violation of Fair Debt Collection Practices Act**
**(communication with person represented by an attorney)**

40. The Plaintiff hereby re-alleges and incorporates all proceeding paragraphs as if fully set forth here.

41. As set forth above, the Defendant violated 15 U.S.C. § 1692c each time it contacted the Plaintiff directly while knowing that the Plaintiff was represented by an attorney with respect to such debt.

42. Accordingly, the Plaintiff is entitled to recover damages under 15 U.S.C. § 1692k.

**Request for Relief**

**NOW, THEREFORE**, the Plaintiff requests entry of judgment in favor of the Plaintiff against the Defendant as follows:

A. for damages in the amount of $250,000.00;

B. for punitive damages in the amount of $500,000.00;

C. for attorney fees and costs; and

D. for such other and further relief as may be necessary and proper under the law.

Date: March 20, 2024

CIBIK LAW, P.C.
*Counsel for Plaintiff*
*Nancy Virginia Focaccia*

By: /s/ MICHAEL I. ASSAD
Michael I. Assad (#330937)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
help@cibiklaw.com