# United States Bankruptcy Court
# Eastern District of Pennsylvania

| | |
|---|---|
| In re:<br><br>Nancy Virginia Focaccia,<br><br>    Debtor. | Case No. 23-12964-mdc<br><br>Chapter 7 |
| Nancy Virginia Focaccia,<br><br>    Plaintiff,<br><br>v.<br><br>JPMorgan Chase Bank, N.A.,<br><br>    Defendant. | Adversary No. 24-00051-mdc<br><br>**JURY TRIAL DEMANDED** |

## First Amended Complaint

Plaintiff Nancy Virginia Focaccia, by counsel, alleges the following:

### Jurisdiction and Venue

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

3. The Plaintiff has standing to bring this action pursuant to 11 U.S.C. §§ 542(a), 362, 727 and Fed. R. Bankr. P. 7001.

4. Venue is proper pursuant to 28 U.S.C. § 1409(a).

5. The Plaintiff consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with U.S. Const. art. III.

### Parties

6. Plaintiff Nancy Virginia Focaccia is an individual who is and was at all relevant times a resident of the state of Pennsylvania.

7. Defendant JPMorgan Chase Bank, N.A. is a corporation that is and was at all relevant times incorporated in the state of Delaware.

## Facts

8. On September 29, 2023, the Plaintiff filed a voluntary petition for relief under chapter 7 of Title 11, United States Code, thereby launching bankruptcy case number 23-12964 in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania.

9. The Defendant is an unsecured creditor listed on the Plaintiff's bankruptcy schedules.

10. The Defendant was properly listed on the creditor mailing matrix.

11. On October 7, 2023, the Bankruptcy Noticing Center served notice of the Plaintiff's bankruptcy case on the Defendant by transmitting a copy of the meeting of creditors notice by electronic means.

12. Upon information and belief, the Defendant received the above notice on October 7, 2024.

13. The meeting of creditors notice operated as a revocation of any consent allowing the Defendant to contact the Plaintiff directly.

14. Upon information and belief, the Defendant uses a computer system that matches its customer list with public bankruptcy court records and was notified through that system about the Plaintiff's bankruptcy on or about September 29, 2023.

15. The Defendant contacted the Plaintiff by placing phone calls to her several times on or before December 6, 2023, and then on these dates:

| Date | Number of Calls |
|---|---|
| On or about December 7, 2023 | 1 |
| On or about December 8, 2023 | 2 |
| On or about December 11, 2023 | 1 |
| On or about December 12, 2023 | 1 |
| On or about December 13, 2023 | 1 |
| On or about December 14, 2023 | 2 |
| On or about December 15, 2023 | 3 |
| **TOTAL** | 11 calls |

16. The Defendant knowingly contacted the Plaintiff by mailing statements to her as follows:

| Statement Date | Payment Demanded |
|---|---|
| On or about December 8, 2023 | $2,332.00 |
| On or about January 8, 2024 | $2,857.00 |
| On or about February 8, 2024 | $3,593.00 |
| On or about March 8, 2024 | $4,216.00 |

17. On January 11, 2024, the Plaintiff was granted a discharge of the Defendant's debt and all other dischargeable debts under 11 U.S.C. § 727

18. On January 14, 2024, the Bankruptcy Noticing Center served notice of the Plaintiff's discharge on the Defendant by transmitting a copy of the discharge order by electronic means.

19. Upon information and belief, the Defendant received the above notice on January 14, 2024.

20. Upon information and belief, the Defendant uses a computer system that matches its customer list with public bankruptcy court records and was notified through that system about the Plaintiff's discharge on or about January 11, 2024.

21. The Defendant knowingly contacted the Plaintiff by placing phone calls to the Plaintiff on or about these dates:

| Date | Number of Calls |
|---|---|
| On or about January 15, 2024 | 2 |
| On or about January 16, 2024 | 1 |
| On or about January 17, 2024 | 1 |
| On or about January 18, 2024 | 1 |
| On or about January 19, 2024 | 1 |
| On or about January 22, 2024 | 1 |
| On or about January 23, 2024 | 1 |
| On or about January 24, 2024 | 2 |
| On or about January 25, 2024 | 1 |
| On or about January 26, 2024 | 1 |
| On or about January 31, 2024 | 1 |

| Date | Number of Calls |
|---|---|
| On or about February 1, 2024 | 2 |
| On or about February 2, 2024 | 1 |
| On or about February 5, 2024 | 1 |
| On or about February 6, 2024 | 2 |
| On or about February 7, 2024 | 1 |
| On or about February 8, 2024 | 1 |
| On or about February 9, 2024 | 1 |
| On or about February 12, 2024 | 1 |
| On or about February 13, 2024 | 2 |
| On or about February 14, 2024 | 1 |
| On or about February 15, 2024 | 1 |
| On or about February 16, 2024 | 1 |
| On or about February 20, 2024 | 2 |
| On or about February 21, 2024 | 2 |
| On or about February 22, 2024 | 1 |
| On or about February 23, 2024 | 1 |
| On or about February 27, 2024 | 2 |
| On or about February 28, 2024 | 2 |
| On or about February 29, 2024 | 1 |
| On or about March 1, 2024 | 2 |
| On or about March 5, 2024 | 1 |
| On or about March 6, 2024 | 2 |
| On or about March 7, 2024 | 2 |
| On or about March 8, 2024 | 2 |
| On or about March 12, 2024 | 1 |
| On or about March 13, 2024 | 2 |
| On or about March 14, 2024 | 1 |
| On or about March 15, 2024 | 2 |
| On or about March 18, 2024 | 1 |
| On or about March 20, 2024 | 2 |
| **TOTAL** | 57 calls |

22.     On these dates, the Defendant furnished information to consumer reporting agencies indicating that the Plaintiff owed money to the Defendant:

| Date | Agency | Debt Reported |
|---|---|---|
| On or about February 11, 2024 | TransUnion | About $22,533 |
| On or about February 11, 2024 | Equifax | About $22,533 |

4

| Date | Agency | Debt Reported |
|---|---|---|
| On or about March 11, 2024 | TransUnion | About $22,533 |
| On or about March 11, 2024 | Equifax | About $22,533 |

23. On February 5, 2024, the Plaintiff served her motion to reopen this bankruptcy case on the Defendant by first class mail, postage prepaid.

24. Upon information and belief, the Defendant received the above notice on or before February 8, 2024.

25. On March 7, 2024, the Bankruptcy Noticing Center served the Court's order reopening the bankruptcy case on the Defendant by transmitting a copy of order by electronic means.

26. Upon information and belief, the Defendant received the above notice on March 7, 2024.

27. The documents served on the Defendant on February 5, 2024, and March 7, 2024, constituted notice that the Plaintiff was represented by an attorney with respect to the debt alleged.

28. Upon information and belief, the telephone calls made by the Defendant to the Plaintiff used an artificial or prerecorded voice.

29. Upon information and belief, the Defendant assessed interest, late fees, and penalties against the Plaintiff after the bankruptcy case was filed and after the debt was discharged.

30. As a direct and proximate result of the Defendant's misconduct, the Plaintiff has suffered great emotional distress, anxiety, sleeplessness, and has been subjected to humiliation and embarrassment.

## Claims for Relief

### Count 1
### Violation of Automatic Stay

31. The Plaintiff re-alleges and incorporates all proceeding paragraphs.

32. The Defendant repeatedly and intentionally violated the automatic stay provided under 11 U.S.C. §362(a) each time it contacted the Plaintiff with knowledge of her bankruptcy.

33. As a result, the Plaintiff is entitled to recover damages under 11 U.S.C. § 362(k).

## Count 2
## Violation of Discharge Order

34. The Plaintiff re-alleges and incorporates all proceeding paragraphs.

35. The Defendant intentionally violated 11 U.S.C. § 727 each time it contacted the Plaintiff or reported information about her to others after being advised of the Plaintiff's discharge.

36. As a result, the Plaintiff is entitled to recover damages under 11 U.S.C. §§ 105 and 524.

## Count 3
## Violation of Fair Credit Reporting Act

37. The Plaintiff re-alleges and incorporates all proceeding paragraphs.

38. The Defendant violated 15 U.S.C. § 1681s–2(a)(1)(A) each time it furnished information to consumer reporting agencies that the Defendant knew to be inaccurate or had reasonable cause to believe was inaccurate.

39. As a result, the Plaintiff is entitled to recover damages under 15 U.S.C. § 1681n(a)(1)(A).

## Count 4
## Violation of Fair Debt Collection Practices Act
## (false or misleading representations)

40. The Plaintiff hereby re-alleges and incorporates all proceeding paragraphs as if fully set forth here.

41. The Defendant violated 15 U.S.C. § 1692f each time it communicated credit information to consumer reporting agencies that the Defendant knew or should have known to be false.

42. As a result, the Plaintiff is entitled to recover damages under 15 U.S.C. § 1692k.

## Count 5
## Violation of Fair Debt Collection Practices Act
## (unfair practices)

43. The Plaintiff re-alleges and incorporates all proceeding paragraphs.

44. The Defendant violated 15 U.S.C. § 1692f when it acted to collect amounts that were not expressly authorized by the agreement creating the debt or permitted by law.

45. As a result, the Plaintiff is entitled to recover damages under 15 U.S.C. § 1692k.

### Count 6
### Violation of Fair Debt Collection Practices Act
### (communication with person represented by an attorney)

46. The Plaintiff re-alleges and incorporates all proceeding paragraphs.

47. The Defendant violated 15 U.S.C. § 1692c each time it contacted the Plaintiff directly while knowing that the Plaintiff was represented by an attorney with respect to such debt.

48. As a result, the Plaintiff is entitled to recover damages under 15 U.S.C. § 1692k.

### Count 7
### Violation of Telephone Consumer Protection Act
### (negligent)

49. The Plaintiff re-alleges and incorporates all proceeding paragraphs.

50. The Defendant negligently violated 47 U.S.C. §227(b)(1) each time it called the Plaintiff with knowledge of her bankruptcy.

51. As a result, the Plaintiff is entitled to recover damages under 47 U.S.C. §227(b)(3)(B).

### Count 8
### Violation of Telephone Consumer Protection Act
### (knowing and willful)

52. The Plaintiff hereby re-alleges and incorporates all proceeding paragraphs.

53. The Defendant knowingly and willfully violated 47 U.S.C. §227(b)(1) each time it called the Plaintiff with knowledge of her bankruptcy.

54. As a result, the Plaintiff is entitled to recover damages under 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

### Count 9
### Violation of Unfair Trade Practices and Consumer Protection Law

55. The Plaintiff re-alleges and incorporates all proceeding paragraphs.

56. The Defendant violated 73 Pa. C.S. § 201-2(xxi) each time it engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding.

57. As a result, the Plaintiff is entitled to recover damages under.

## Count 10
## Violation of Pennsylvania Fair Credit Extension Uniformity Act

58. The Plaintiff re-alleges and incorporates all proceeding paragraphs.

59. The Defendant violated 73 Pa. C.S 201-1 each time it engaged in false, misleading, and deceptive representations when attempting to collect a debt.

60. As a result, the Plaintiff is entitled to recover damages.

## Count 11
## Defamation of Character

61. The Plaintiff re-alleges and incorporates all proceeding paragraphs.

62. The Defendant committed libel per se each time the Defendant reported information to credit agencies that it knew was false and had no factual basis.

63. As a result, the Plaintiff is entitled to recover damages.

## Count 12
## Invasion of Privacy by Intrusion Upon Seclusion

64. The Plaintiff re-alleges and incorporates all proceeding paragraphs.

65. The Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, private affairs, and concerns.

66. The Defendant intruded into the Plaintiff's solitude, seclusion, private affairs, and concerns by repeatedly communicating with the Plaintiff and demanding a debt she didn't owe.

67. The Defendant's intrusion would be highly offensive to a reasonable person.

68. The Plaintiff was harmed by the Defendant's conduct including harm to her interest in privacy and emotional distress because of the invasion of her privacy.

69. The Defendant's conduct was a substantial factor in causing the Plaintiff's harm.

70. The Defendant's conduct as detailed above is malicious, wanton, willful or oppressive, or shows a reckless indifference to the interests of others, thereby warranting punitive damages.

71. As a result, the Plaintiff is entitled to recover damages.

## Count 13
### Negligence Per Se

72. The Plaintiff re-alleges and incorporates all proceeding paragraphs.

73. The Defendant violated several statutes, namely the Pennsylvania Fair Credit Extension Uniformity Act, the Fair Debt Collection Practices Act, and the Telephone Consumer Protection Act.

74. The Defendant's violation proximately caused injury to the Plaintiff.

75. The Plaintiff's injury resulted from an occurrence of the nature which the statutes were designed to prevent.

76. The Plaintiff is of the class of persons for whose protection the statute or ordinance was adopted.

77. The Defendant's conduct as detailed above is malicious, wanton, willful, oppressive, and shows a reckless indifference to the interests of others.

78. As a result, the Plaintiff is entitled to recover damages.

## Count 14
### Negligence

79. The Plaintiff re-alleges and incorporates all proceeding paragraphs.

80. The Defendant was negligent in its debt collection activities.

81. The Plaintiff was harmed, and suffered injury.

82. The Defendant's negligence was a substantial factor in causing the Plaintiff's harm.

83. The Defendant had a duty to discontinue all collection activity once it learned of the Plaintiff's bankruptcy.

84. The Defendant was negligent for failure to use reasonable care in administering accounts and debt collection activities by contacting the Plaintiff after it knew or should have known that the Plaintiff filed for bankruptcy.

85. The Defendant's conduct was malicious, wanton, willful, oppressive, and shows a reckless indifference to the interests of others.

86. As a result, the Plaintiff is entitled to recover damages.

## Count 15
### Negligent Infliction of Emotional Distress

87. The Plaintiff re-alleges and incorporates all proceeding paragraphs.

88. The Defendant owed a duty of care to the Plaintiff to stop collection activity and not harass her once it learned of her bankruptcy.

89. The Defendant breached that duty by continuing collection activity against her.

90. The Defendant's breach resulted in injury to the Plaintiff as described above.

91. The Plaintiff suffered damages.

92. As a result, the Plaintiff is entitled to recover damages.

## Count 16
### Intentional Infliction of Emotional Distress

93. The Plaintiff re-alleges and incorporates all proceeding paragraphs.

94. The Defendant's conduct was extreme and outrageous.

95. The Defendant's conduct was intentional and reckless.

96. The Defendant's conduct caused the Plaintiff emotional distress.

97. The Plaintiff's emotional distress was severe.

98. As a result, the Plaintiff is entitled to recover damages.

## Jury Demand

99. The Plaintiff demands a jury trial as to all claims.

100. The Plaintiff consents to all matters being conducted by a U.S. Bankruptcy Judge, including a jury trial.

## Request for Relief

**NOW, THEREFORE**, the Plaintiff requests entry of judgment for the Plaintiff against the Defendant as follows:

A. damages in the amount of $250,000.00;

B. punitive damages in the amount of $750,000.00;

C. attorney fees and costs; and

D. any other relief that is necessary and proper under the law.

Date: March 26, 2024

CIBIK LAW, P.C.
*Counsel for Plaintiff*
　*Nancy Virginia Focaccia*

By: /s/ M<small>ICHAEL</small> I. A<small>SSAD</small>
　Michael I. Assad (#330937)
　1500 Walnut Street, Suite 900
　Philadelphia, PA 19102
　215-735-1060
　help@cibiklaw.com

11