**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | Bankruptcy Case No.: 23-12964-amc |
| NANCY VIRGINIA FOCACCIA, | Judge: Hon. Ashely M. Chan |
| Debtor. | Chapter 7 |
| NANCY VIRGINIA FOCACCIA, | Adv. Proc. No. 24-00051-amc |
| Plaintiff, | |
| v. | |
| JPMORGAN CHASE BANK, N.A., | |
| Defendant. | |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant JPMorgan Chase Bank, N.A. ("Chase") hereby submits this answer to the First Amended Complaint ("Complaint") filed by debtor/plaintiff Nancy Virginia Focaccia ("Debtor").

**Jurisdiction and Venue**

1. This paragraph contains conclusions of law to which no response is required.

2. This paragraph contains conclusions of law to which no response is required.

3. This paragraph contains conclusions of law to which no response is required.

4. This paragraph contains conclusions of law to which no response is required.

5. This paragraph contains conclusions of law to which no response is required.

**Parties**

6. Admitted that Debtor is an individual. Chase lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in this paragraph.

7. Denied.

**Facts**

8. Admitted.

9. Denied as stated. Chase admits only that the Debtor listed Chase as an unsecured creditor on her bankruptcy schedules.

10. This paragraph contains conclusions of law to which no response is required.

11. Denied. By way of further answer, Chase has no record of receiving notice of Debtor's bankruptcy case.

12. Denied. By way of further answer, Chase has no record of receiving notice of Debtor's bankruptcy case.

13. This paragraph contains conclusions of law to which no response is required.

14. Denied. By way of further answer, Chase has no record of receiving notice of Debtor's bankruptcy case.

15. Denied.

16. Denied.

17. Admitted.

18. Denied. By way of further answer, Chase has no record of receiving notice of Debtor's bankruptcy case or discharge.

19. Denied. By way of further answer, Chase has no record of receiving notice of Debtor's bankruptcy case or discharge.

20. Denied. By way of further answer, Chase has no record of receiving notice of Debtor's bankruptcy case or discharge.

21. Denied.

22. Denied as stated. On or about February 11, 2024 and March 11, 2024, Chase reported to credit reporting agencies that the credit card at issue was at least 120 days past due with a balance of $22,533.00.

23. Chase lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

24. Denied. Chase does not have a record of receiving a copy of Debtor's motion to reopen her bankruptcy case from the Debtor.

25. Denied as stated. Admitted only that the Certificate of Notice filed by the Bankruptcy Noticing Center on March 9, 2024 indicates electronic service on Chase Card Services, Attn: Bankruptcy Dept, PO Box 15298, Wilmington, DE 19850.

26. Denied. Chase does not have a record of receiving the order reopening Debtor's bankruptcy case.

27. This paragraph contains conclusions of law to which no response is required.

28. Denied.

29. Denied.

30. Chase lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

**Claims for Relief**

**Count 1**
**Violation of Automatic Stay**

31. Chase incorporates its above responses as if fully set forth herein at length.

32. This paragraph contains conclusions of law to which no response is required.

33. This paragraph contains conclusions of law to which no response is required.

**Count 2**
**Violation of Discharge Order**

34. Chase incorporates its above responses as if fully set forth herein at length.

35. This paragraph contains conclusions of law to which no response is required.

36. This paragraph contains conclusions of law to which no response is required.

**Count 3**
**Violation of Fair Credit Reporting Act**

37. Chase incorporates its above responses as if fully set forth herein at length.

38. This paragraph contains conclusions of law to which no response is required.

39. This paragraph contains conclusions of law to which no response is required.

**Count 4**
**Violation of Fair Debt Collection Practices Act**
**(false or misleading representations)**

40. Chase incorporates its above responses as if fully set forth herein at length.

41. This paragraph contains conclusions of law to which no response is required.

42. This paragraph contains conclusions of law to which no response is required.

**Count 5**
**Violation of Fair Debt Collection Practices Act**
**(unfair practices)**

43. Chase incorporates its above responses as if fully set forth herein at length.

44. This paragraph contains conclusions of law to which no response is required.

45. This paragraph contains conclusions of law to which no response is required.

**Count 6**
**Violation of Fair Debt Collection Practices Act**
**(communication with person represented by an attorney)**

46. Chase incorporates its above responses as if fully set forth herein at length.

47. This paragraph contains conclusions of law to which no response is required.

48. This paragraph contains conclusions of law to which no response is required.

### Count 7
### Violation of Telephone Consumer Protection Act
### (negligent)

49. Chase incorporates its above responses as if fully set forth herein at length.

50. This paragraph contains conclusions of law to which no response is required.

51. This paragraph contains conclusions of law to which no response is required.

### Count 8
### Violation of Telephone Consumer Protection Act
### (knowing and willful)

52. Chase incorporates its above responses as if fully set forth herein at length.

53. This paragraph contains conclusions of law to which no response is required.

54. This paragraph contains conclusions of law to which no response is required.

### Count 9
### Violation of Unfair Trade Practices and Consumer Protection Law

55. Chase incorporates its above responses as if fully set forth herein at length.

56. This paragraph contains conclusions of law to which no response is required.

57. This paragraph contains conclusions of law to which no response is required.

### Count 10
### Violation of Pennsylvania Fair Credit Extension Uniformity Act

58. Chase incorporates its above responses as if fully set forth herein at length.

59. This paragraph contains conclusions of law to which no response is required.

60. This paragraph contains conclusions of law to which no response is required.

### Count 11
### Defamation of Character

61. Chase incorporates its above responses as if fully set forth herein at length.

62. This paragraph contains conclusions of law to which no response is required.

63. This paragraph contains conclusions of law to which no response is required.

## Count 12
## Invasion of Privacy by Intrusion Upon Seclusion

64. Chase incorporates its above responses as if fully set forth herein at length.

65. This paragraph contains conclusions of law to which no response is required.

66. This paragraph contains conclusions of law to which no response is required.

67. This paragraph contains conclusions of law to which no response is required.

68. This paragraph contains conclusions of law to which no response is required.

69. This paragraph contains conclusions of law to which no response is required.

70. This paragraph contains conclusions of law to which no response is required.

71. This paragraph contains conclusions of law to which no response is required.

## Count 13
## Negligence Per Se

72. Chase incorporates its above responses as if fully set forth herein at length.

73. This paragraph contains conclusions of law to which no response is required.

74. This paragraph contains conclusions of law to which no response is required.

75. This paragraph contains conclusions of law to which no response is required.

76. This paragraph contains conclusions of law to which no response is required.

77. This paragraph contains conclusions of law to which no response is required.

78. This paragraph contains conclusions of law to which no response is required.

## Count 14
## Negligence

79. Chase incorporates its above responses as if fully set forth herein at length.

80. This paragraph contains conclusions of law to which no response is required.

81. This paragraph contains conclusions of law to which no response is required.

82. This paragraph contains conclusions of law to which no response is required.

83. This paragraph contains conclusions of law to which no response is required.

84. This paragraph contains conclusions of law to which no response is required.

85. This paragraph contains conclusions of law to which no response is required.

86. This paragraph contains conclusions of law to which no response is required.

### Count 15
### Negligent Infliction of Emotional Distress

87. Chase incorporates its above responses as if fully set forth herein at length.

88. This paragraph contains conclusions of law to which no response is required.

89. This paragraph contains conclusions of law to which no response is required.

90. This paragraph contains conclusions of law to which no response is required.

91. This paragraph contains conclusions of law to which no response is required.

92. This paragraph contains conclusions of law to which no response is required.

### Count 16
### Intentional Infliction of Emotional Distress

93. Chase incorporates its above responses as if fully set forth herein at length.

94. This paragraph contains conclusions of law to which no response is required.

95. This paragraph contains conclusions of law to which no response is required.

96. This paragraph contains conclusions of law to which no response is required.

97. This paragraph contains conclusions of law to which no response is required.

98. This paragraph contains conclusions of law to which no response is required.

### Debtor's Jury Demand

99. This paragraph contains a jury demand by the Debtor to which not response is required.

100. This paragraph contains a statement of consent by the Debtor to which no response is required.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. Debtor's claims are barred because the credit card account at issue is not in her name, and all of Chase's contact attempts were directed towards the account owner and not the Debtor.

3. Debtor's claims are barred by waiver and estoppel.

4. Debtor's claims are barred by the applicable statute of limitations.

5. Debtor's claims are barred due to lack of notice.

6. The prerequisites for the relief claimed in the Complaint are not present, have not occurred, or have not been met.

7. Debtor's claims are barred because Chase neither contacted, nor attempted to contact, the Debtor regarding the credit card debt at issue.

8. Debtor's claims are barred by lack of standing.

9. Debtor's claims are barred by lack of subject matter jurisdiction.

10. Debtor's claims are barred by lack of personal jurisdiction.

11. Debtor's claims are barred due to insufficient service of process.

12. None of the allegedly actionable conduct attributed to Chase in the Complaint caused harm to Debtor.

13. Debtor has failed to mitigate her damages, if any.

14. Any damages sustained by Debtor were the result of conduct of others over whom Chase had no control or right to control.

15. Debtor's claims are barred because any alleged damages were proximately caused by, occurred because of, and/or were contributed to by Debtor's own acts or failures to act.

16. At all times, Chase acted in good faith, without malice or intent to injure Debtor, and in accordance with reasonable commercial standards.

17. Debtor is not entitled to recover any actual damages, statutory damages, punitive damages, or attorney's fees from Chase.

18. Debtor's claims are barred by the doctrine of unclean hands and/or *in pari delicto*.

19. Debtor did not dispute any credit reporting submitted by Chase.

20. Any alleged violation of the Fair Credit Reporting Act was not willful because Chase's interpretation of the Fair Credit Reporting Act is not objectively unreasonable.

21. At all relevant times, Chase has followed reasonable procedures to comply with all applicable statutory provisions.

22. Debtor's claims are barred by the doctrine of release.

23. Debtor's claims are barred by the doctrine of accord and satisfaction.

24. Debtor's claims are barred by the statute of frauds.

25. Debtor's claims are barred by their own misrepresentations.

26. Debtor's claims are barred by the doctrines of set off and recoupment.

27. Debtor's claims are barred or limited by her failure to comply with the legal obligations required of her.

28. Chase's responses and affirmative defenses are based on currently available information. Chase reserves the right to revise, amend, and/or supplement its responses and affirmative defenses during the course of this litigation.

WHEREFORE, for the reasons set forth above, Chase respectfully requests that the Court deny the relief requested in the Complaint, dismiss the Complaint with prejudice, and grant Chase such other and further relief as is just, proper, and equitable.

Dated: May 22, 2024

        **PARKER IBRAHIM & BERG LLP**

        */s/ Fred W. Hoensch*
        James P. Berg
        Fred W. Hoensch
        1635 Market Street, 11th Floor
        Philadelphia, PA 19103
        Telephone: (267) 908-9800
        Facsimile: (267) 908-9888
        james.berg@piblaw.com
        fred.hoensch@piblaw.com
        *Attorneys for Defendant,*
        *JPMorgan Chase Bank, N.A.*