United States Bankruptcy Court
Eastern District of Pennsylvania

| | |
|---|---|
| In re:<br>Nancy Virginia Focaccia,<br>        Debtor. | Case No. 23-12964-amc<br>Chapter 7 |
| Nancy Virginia Focaccia,<br>        Plaintiff,<br>v.<br>JPMorgan Chase Bank, N.A.,<br>        Defendant. | Adversary No. 24-00051-amc<br>**JURY TRIAL DEMANDED** |

## Second Amended Complaint

Plaintiff Nancy Virginia Focaccia, by counsel, alleges the following:

### Jurisdiction and Venue

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

3. The Plaintiff has standing to bring this action pursuant to 11 U.S.C. §§ 542(a), 362, 727 and Fed. R. Bankr. P. 7001.

4. Venue is proper pursuant to 28 U.S.C. § 1409(a).

5. The Plaintiff consents to the entry of a final order or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with U.S. Const. art. III.

### Parties

6. Plaintiff Nancy Virginia Focaccia is an individual who is and was at all relevant times a resident of the state of Pennsylvania.

7. Defendant JPMorgan Chase Bank, N.A. is a corporation that is and was at all relevant times incorporated in the state of Delaware.

## Facts

8. On September 29, 2023, the Plaintiff filed a voluntary petition for relief under chapter 7 of Title 11, United States Code, thereby launching bankruptcy case number 23-12964 in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania.

9. The Plaintiff listed the Defendant as an unsecured creditor on her bankruptcy schedules.

10. The Plaintiff listed the Defendant on the creditor mailing matrix in her case as follows: Chase Card Services, Attn: Bankruptcy, P.O. 15298, Wilmington, DE 19850

11. On or before October 5, 2023, the Defendant elected to receive notices from the Bankruptcy Noticing Center through an electronic data interchange (EDI) interface.

12. On October 6, 2023 at 4:28 a.m. EST, the BNC transmitted a copy of the meeting of creditors notice to the Defendant through its EDI interface.

13. Upon information and belief, the Defendant received the above notice on October 6, 2024.

14. Upon information and belief, the Defendant uses a computer system that matches its customer list with public bankruptcy court records and was notified through that system about the Plaintiff's bankruptcy on or about September 29, 2023.

15. On January 11, 2024, the Plaintiff was granted a discharge of the Defendant's debt and all other dischargeable debts under 11 U.S.C. § 727.

16. On January 13, 2024 at 5:12 a.m. EST the BNC transmitted a copy of the discharge order to the Defendant through its EDI interface.

17. Upon information and belief, the Defendant received the above notice on January 13, 2024.

18. Upon information and belief, the Defendant uses a computer system that matches its customer list with public bankruptcy court records and was notified through that system about the Plaintiff's discharge on or about January 11, 2024.

19. On or about February 11, 2024, and March 11, 2024, Chase reported to credit reporting agencies that a credit card associated with the Plaintiff was at least 120 days past due with a balance of $22,533.00.

20. As a direct and proximate result of the Defendant's misconduct, the Plaintiff has suffered great emotional distress, anxiety, sleeplessness, and has been subjected to humiliation and embarrassment.

## Claims for Relief

### Count 1
### Violation of Discharge Order

21. The Plaintiff re-alleges and incorporates all proceeding paragraphs.

22. The Defendant intentionally violated 11 U.S.C. § 727 each time it furnished information about a delinquent account to consumer reporting agencies.

23. As a result, the Plaintiff is entitled to recover damages under 11 U.S.C. §§ 105 and 524.

### Count 2
### Violation of Fair Credit Reporting Act

24. The Plaintiff re-alleges and incorporates all proceeding paragraphs.

25. The Defendant violated 15 U.S.C. § 1681s–2(a)(1)(A) each time it furnished information to consumer reporting agencies that the Defendant knew to be inaccurate or had reasonable cause to believe was inaccurate.

26. As a result, the Plaintiff is entitled to recover damages under 15 U.S.C. § 1681n(a)(1)(A).

### Count 3
### Violation of Fair Debt Collection Practices Act
### (false or misleading representations)

27. The Plaintiff hereby re-alleges and incorporates all proceeding paragraphs as if fully set forth here.

28. The Defendant violated 15 U.S.C. § 1692f each time it communicated credit information to consumer reporting agencies that the Defendant knew or should have known to be false.

29. As a result, the Plaintiff is entitled to recover damages under 15 U.S.C. § 1692k.

### Count 4
### Violation of Unfair Trade Practices and Consumer Protection Law

30. The Plaintiff re-alleges and incorporates all proceeding paragraphs.

31. The Defendant violated 73 Pa. C.S. § 201-2(xxi) each time it engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding.

32. As a result, the Plaintiff is entitled to recover damages.

### Count 5
### Violation of Pennsylvania Fair Credit Extension Uniformity Act

33. The Plaintiff re-alleges and incorporates all proceeding paragraphs.

34. The Defendant violated 73 Pa. C.S 201-1 each time it made false, misleading, and deceptive representations to credit agencies.

35. As a result, the Plaintiff is entitled to recover damages.

### Count 6
### Defamation of Character

36. The Plaintiff re-alleges and incorporates all proceeding paragraphs.

37. The Defendant committed libel per se each time the Defendant reported information to credit agencies that it knew was false and had no factual basis.

38. As a result, the Plaintiff is entitled to recover damages.

### Count 7
### Negligence Per Se

39. The Plaintiff re-alleges and incorporates all proceeding paragraphs.

40. The Defendant violated several statutes, including the Bankruptcy Code, the Pennsylvania Fair Credit Extension Uniformity Act, the Unfair Trade Practices and Consumer Protection Law, and the Fair Debt Collection Practices Act.

41. The Defendant's violation proximately caused injury to the Plaintiff.

42. The Plaintiff's injury resulted from an occurrence of the nature which the statutes were designed to prevent.

43. The Plaintiff is of the class of persons for whose protection the statute or ordinance was adopted.

44. The Defendant's conduct as detailed above is malicious, wanton, willful, oppressive, and shows a reckless indifference to the interests of others.

45. As a result, the Plaintiff is entitled to recover damages.

## Count 8
## Negligence

46. The Plaintiff re-alleges and incorporates all proceeding paragraphs.

47. The Defendant was negligent in its debt collection activities.

48. The Plaintiff was harmed, and suffered injury.

49. The Defendant's negligence was a substantial factor in causing the Plaintiff's harm.

50. The Defendant had a duty to not report credit information about the Plaintiff to consumer reporting agencies that the Defendant knew or should have known to be false.

51. The Defendant was negligent for failure to use reasonable care in administering accounts and debt collection activities.

52. The Defendant's conduct was malicious, wanton, willful, oppressive, and shows a reckless indifference to the interests of others.

53. As a result, the Plaintiff is entitled to recover damages.

## Count 9
## Negligent Infliction of Emotional Distress

54. The Plaintiff re-alleges and incorporates all proceeding paragraphs.

55. The Defendant owed a duty of care to the Plaintiff to not report credit information about the Plaintiff to consumer reporting agencies that the Defendant knew or should have known to be false.

56. The Defendant breached that duty by continuing to report credit information about the Plaintiff to consumer reporting agencies that the Defendant knew or should have known to be false.

57. The Defendant's breach resulted in injury to the Plaintiff as described above.

58. The Plaintiff suffered damages.

59. As a result, the Plaintiff is entitled to recover damages.

## Count 10
## Intentional Infliction of Emotional Distress

60. The Plaintiff re-alleges and incorporates all proceeding paragraphs.

61. The Defendant's conduct was extreme and outrageous.

62. The Defendant's conduct was intentional and reckless.

63. The Defendant's conduct caused the Plaintiff emotional distress.

64. The Plaintiff's emotional distress was severe.

65. As a result, the Plaintiff is entitled to recover damages.

## Jury Demand

66. The Plaintiff demands a jury trial as to all claims.

67. The Plaintiff consents to all matters being conducted by a U.S. Bankruptcy Judge, including a jury trial.

## Request for Relief

**NOW, THEREFORE**, the Plaintiff requests entry of judgment for the Plaintiff against the Defendant as follows:

A. damages in the amount of $15,000.00;

B. punitive damages in the amount of $45,000.00;

C. attorney fees and costs; and

D. any other relief that is necessary and proper under the law.

6

Date: June 12, 2024

                                                        CIBIK LAW, P.C.
*Counsel for Plaintiff*
    *Nancy Virginia Focaccia*

By: /s/ Michael I. Assad
    Michael I. Assad (#330937)
    1500 Walnut Street, Suite 900
    Philadelphia, PA 19102
    215-735-1060
    help@cibiklaw.com