**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | Bankruptcy Case No.: 23-12964-amc |
| NANCY VIRGINIA FOCACCIA, | Judge: Hon. Ashely M. Chan |
| Debtor. | Chapter 7 |
| NANCY VIRGINIA FOCACCIA, | Adv. Proc. No. 24-00051-amc |
| Plaintiff, | |
| v. | |
| JPMORGAN CHASE BANK, N.A., | |
| Defendant. | |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant JPMorgan Chase Bank, N.A. ("Chase") hereby submits this answer to the Second Amended Complaint ("Complaint") filed by debtor/plaintiff Nancy Virginia Focaccia ("Debtor").

**Jurisdiction and Venue**

1. This paragraph contains conclusions of law to which no response is required.

2. This paragraph contains conclusions of law to which no response is required.

3. This paragraph contains conclusions of law to which no response is required.

4. This paragraph contains conclusions of law to which no response is required.

5. This paragraph contains conclusions of law to which no response is required.

**Parties**

6. Admitted that Debtor is an individual. Chase lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in this paragraph.

7. Denied.

**Facts**

8. Admitted.

9. Chase admits only that the Debtor listed Chase as an unsecured creditor on her bankruptcy schedules. Chase specifically denies that it is an unsecured creditor of the Debtor.

10. Admitted.

11. Denied as stated. Chase specifically denies that on or before October 5, 2023 it elected to receive notices of the Debtor's bankruptcy from the Bankruptcy Noticing Center through an electronic data interchange (EDI) interface.

12. Denied. By way of further answer, Chase has no record of receiving notice of Debtor's bankruptcy case.

13. Denied.

14. Denied. By way of further answer, Chase has no record of receiving notice of Debtor's bankruptcy case.

15. This paragraph contains conclusions of law to which no response is required.

16. By way of further answer, Chase has no record of receiving notice of Debtor's bankruptcy case or discharge.

17. Denied. By way of further answer, Chase has no record of receiving notice of Debtor's bankruptcy case or discharge.

18. Denied. By way of further answer, Chase has no record of receiving notice of Debtor's bankruptcy case or discharge.

19. Admitted. By way of further answer, the Debtor is, and has only ever been, a non-liable authorized user of the credit card account at issue. In Chase's reporting to the credit reporting agencies, Chase accurately reported the Debtor with a Metro 2 ECOA code "A", which denotes that she is an authorized user that is not liable for the credit card account being reported. True and correct copies of Chase's credit reporting and an explanation of the Metro 2 ECOA codes, are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

20. Chase lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph. By way of further answer, this paragraph contains conclusions of law to which no response is required.

## Claims for Relief

### Count 1
### Violation of Discharge Order

21. Chase incorporates its above responses as if fully set forth herein at length.

22. This paragraph contains conclusions of law to which no response is required.

23. This paragraph contains conclusions of law to which no response is required.

### Count 2
### Violation of Fair Credit Reporting Act

24. Chase incorporates its above responses as if fully set forth herein at length.

25. This paragraph contains conclusions of law to which no response is required.

26. This paragraph contains conclusions of law to which no response is required.

## Count 3
### Violation of Fair Debt Collection Practices Act
### (false or misleading representations)

27. Chase incorporates its above responses as if fully set forth herein at length.

28. This paragraph contains conclusions of law to which no response is required.

29. This paragraph contains conclusions of law to which no response is required.

## Count 4
### Violation of Unfair Trade Practices and Consumer Protection Law

30. Chase incorporates its above responses as if fully set forth herein at length.

31. This paragraph contains conclusions of law to which no response is required.

32. This paragraph contains conclusions of law to which no response is required.

## Count 5
### Violation of Pennsylvania Fair Credit Extension Uniformity Act

33. Chase incorporates its above responses as if fully set forth herein at length.

34. This paragraph contains conclusions of law to which no response is required.

35. This paragraph contains conclusions of law to which no response is required.

## Count 6
### Defamation of Character

36. Chase incorporates its above responses as if fully set forth herein at length.

37. This paragraph contains conclusions of law to which no response is required.

38. This paragraph contains conclusions of law to which no response is required.

## Count 7
### Negligence Per Se

39. Chase incorporates its above responses as if fully set forth herein at length.

40. This paragraph contains conclusions of law to which no response is required.

41. This paragraph contains conclusions of law to which no response is required.

42. This paragraph contains conclusions of law to which no response is required.

43. This paragraph contains conclusions of law to which no response is required.

44. This paragraph contains conclusions of law to which no response is required.

45. This paragraph contains conclusions of law to which no response is required.

## Count 8
## Negligence

46. Chase incorporates its above responses as if fully set forth herein at length.

47. This paragraph contains conclusions of law to which no response is required.

48. This paragraph contains conclusions of law to which no response is required.

49. This paragraph contains conclusions of law to which no response is required.

50. This paragraph contains conclusions of law to which no response is required.

51. This paragraph contains conclusions of law to which no response is required.

52. This paragraph contains conclusions of law to which no response is required.

53. This paragraph contains conclusions of law to which no response is required.

## Count 9
## Negligent Infliction of Emotional Distress

54. Chase incorporates its above responses as if fully set forth herein at length.

55. This paragraph contains conclusions of law to which no response is required.

56. This paragraph contains conclusions of law to which no response is required.

57. This paragraph contains conclusions of law to which no response is required.

58. This paragraph contains conclusions of law to which no response is required.

59. This paragraph contains conclusions of law to which no response is required.

## Count 10
## Intentional Infliction of Emotional Distress

60. Chase incorporates its above responses as if fully set forth herein at length.

61. This paragraph contains conclusions of law to which no response is required.

62. This paragraph contains conclusions of law to which no response is required.

63. This paragraph contains conclusions of law to which no response is required.

64. This paragraph contains conclusions of law to which no response is required.

65. This paragraph contains conclusions of law to which no response is required.

**Debtor's Jury Demand**

66. This paragraph contains a jury demand by the Debtor to which not response is required.

67. This paragraph contains a statement of consent by the Debtor to which no response is required.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. Debtor's claims are barred because the credit card account at issue is not in her name.

3. Debtor's claims are barred because the Debtor is only an authorized user of the credit card account at issue.

4. Debtor's claims are barred because Chase's credit reporting was true and accurate.

5. Debtor's claims are barred because Chase accurately reported her as a non-liable authorized user of the credit card account.

6. Debtor's claims are barred by waiver and estoppel.

7. Debtor's claims are barred by the applicable statute of limitations.

8. Debtor's claims are barred due to lack of notice.

9. The prerequisites for the relief claimed in the Complaint are not present, have not occurred, or have not been met.

10. Debtor's claims are barred because Chase neither contacted, nor attempted to contact, the Debtor regarding the credit card debt at issue.

11. Debtor's claims are barred by lack of standing.

12. Debtor's claims are barred by lack of subject matter jurisdiction.

13. Debtor's claims are barred by lack of personal jurisdiction.

14. Debtor's claims are barred due to insufficient service of process.

15. None of the allegedly actionable conduct attributed to Chase in the Complaint caused harm to Debtor.

16. Debtor has failed to mitigate her damages, if any.

17. Any damages sustained by Debtor were the result of conduct of others over whom Chase had no control or right to control.

18. Debtor's claims are barred because any alleged damages were proximately caused by, occurred because of, and/or were contributed to by Debtor's own acts or failures to act.

19. At all times, Chase acted in good faith, without malice or intent to injure Debtor, and in accordance with reasonable commercial standards.

20. Debtor is not entitled to recover any actual damages, statutory damages, punitive damages, or attorney's fees from Chase.

21. Debtor's claims are barred by the doctrine of unclean hands and/or *in pari delicto*.

22. Debtor did not dispute any credit reporting submitted by Chase.

23. Any alleged violation of the Fair Credit Reporting Act was not willful because Chase's interpretation of the Fair Credit Reporting Act is not objectively unreasonable.

24. Debtor's claims are barred by 15 U.S.C. § 1681h(e).

25. At all relevant times, Chase has followed reasonable procedures to comply with all applicable statutory provisions.

26. Debtor's Fair Credit Reporting Act claim fails because Chase never received an ACDV.

27. Debtor's state court claims are preempted by federal law.

28. Debtor's claims are barred by the doctrine of release.

29. Debtor's claims are barred by the doctrine of accord and satisfaction.

30. Debtor's claims are barred by the statute of frauds.

31. Debtor's claims are barred by their own misrepresentations.

32. Debtor's claims are barred by the doctrines of set off and recoupment.

33. Debtor's claims are barred or limited by her failure to comply with the legal obligations required of her.

34. At all relevant times, Chase maintained followed reasonable procedures to comply with all applicable statutory provisions.

35. Any alleged statutory violation was not willful because Chase's interpretation of the applicable statute is not objectively unreasonable.

36. Chase's responses and affirmative defenses are based on currently available information. Chase reserves the right to revise, amend, and/or supplement its responses and affirmative defenses during the course of this litigation.

WHEREFORE, for the reasons set forth above, Chase respectfully requests that the Court deny the relief requested in the Complaint, dismiss the Complaint with prejudice, and grant Chase such other and further relief as is just, proper, and equitable.

Dated: June 26, 2024

                                **PARKER IBRAHIM & BERG LLP**

                                */s/ Fred W. Hoensch*
                                James P. Berg
                                Fred W. Hoensch
                                1635 Market Street, 11th Floor
                                Philadelphia, PA 19103
                                Telephone: (267) 908-9800
                                Facsimile: (267) 908-9888
                                james.berg@piblaw.com
                                fred.hoensch@piblaw.com
                                *Attorneys for Defendant,*
                                *JPMorgan Chase Bank, N.A.*